BLD-151                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1518
_____

IN RE: JAMES COLE,
                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2-91-cr-00570-002)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 26, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: April 3, 2015)
_____

OPINION*
_____

PER CURIAM

        James Cole, a federal prisoner proceeding pro se, petitions for a writ of mandamus

directing the District Court to rule on a motion "to reopen" his previously withdrawn

motion pursuant to 18 U.S.C. § 3582(c)(2).  For the following reasons, we will deny the

mandamus petition.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Following a jury trial, Cole was convicted of conspiring to distribute and to possess with the intent to distribute heroin and cocaine, engaging in a continuing criminal enterprise, and four counts of possessing cocaine with intent to distribute; he was sentenced on February 18, 1994, to life imprisonment. His conviction was affirmed on appeal. He has since filed many unsuccessful motions for post-conviction relief under 28 U.S.C. § 2255.

In 2010, Coles filed a motion in the District Court to have his sentence reduced under 18 U.S.C. § 3582(c)(2) and Amendments 505 and 536. Before the court adjudicated his motion, however, Coles asked to withdraw it, stating that he wanted to first obtain assistance of counsel. The District Court granted his request, dismissing the motion without prejudice.

On November 30, 2013, Cole filed a motion "to reopen" his § 3582(c)(2) motion from 2010, having abandoned his efforts to obtain counsel. On May 14, 2014, Coles requested to again withdraw his § 3582(c)(2) motion, citing the court's apparent inaction on it. Before the District Court ruled on this request, on May 29, 2014, Coles filed a motion titled "Motion to Disregard" the May 14, 2014 withdrawal motion; in it, he indicated that he "will file [an] additional motion in this matter" and did not expressly request that the court consider his earlier § 3582(c)(2) motion. He also filed that day a motion to strike both the response the Government had filed opposing relief under § 3582(c)(2) as well as a supplement Cole had filed to his § 3582(c)(2) motion.

2

In a June 11, 2014 order, the District Court construed these motions together to indicate Cole's desire to voluntarily withdraw the pre-existing § 3582(c)(2) motion, and again dismissed it without prejudice. On July 17, 2014, Cole filed a motion "to re-open" four documents identified only by docket number: his § 3582(c)(2) motion filed in 2010, his November 2013 request "to reopen" that motion, and two related memoranda.

The District Court has not yet ruled on this most recent motion "to reopen." The District Court recently adjudicated several other motions by Cole, including dismissing a § 2255 motion on February 13, 2015.[1] On February 25, 2015, Cole filed a petition for a writ of mandamus directing the District Court to rule on his § 3582(c)(2) motion.

## II.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prod. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds, 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and a litigant has no "clear and indisputable" right to receive a particular result from exercise of that discretion. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per

---

[1] Cole's separately docketed appeal from this dismissal order is currently pending before this Court. See C.A. No. 15-1641.

curiam). However, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that approximately eight months have elapsed since Cole again requested consideration of his § 3582(c)(2) motion. Standing alone, such a delay may start to raise some concern. See id. (holding that district court delay for approximately seven months was "of concern"). However, the District Court has adjudicated several other motions by Cole in the interim, including his most recent § 2255 motion, which was dismissed just two weeks before Cole filed this mandamus petition. Under these circumstances, we do not think that the District Court's delay in addressing Cole's § 3582(c)(2) motion can be said to suggest a failure to exercise jurisdiction. See id.; see also Hassine v. Zimmerman, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief).

Indeed, the intended result of Cole's July 17, 2014 motion "to reopen" was arguably less than clear. Moreover, Cole's May 29, 2014 motion was ambiguous as to whether he wished to stand on his 2010 § 3582(c)(2) submission or file an entirely new or additional memorandum on the issue. It is possible that the District Court did not realize that Cole had decided to finally commit to a particular § 3582(c)(2) motion until he served the District Court with notice of this mandamus petition. Given its diligence in addressing Cole's other filings, we are confident that the District Court will promptly rule on Cole's § 3582(c)(2) motion now that Cole's intent in this matter has been made clear.

Accordingly, we will deny Cole's petition for a writ of mandamus.

4